UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JESSICA E. PASTORE,

                Plaintiff,          **COMPLAINT**

VS.

                Civil Action No.  1:17-CV-0232 (TJM/DJS)

TOWN OF EAST GREENBUSH, NEW YORK,

                Defendant.

---

Plaintiff Jessica E. Pastore, by and through her attorneys D'Orazio Peterson LLP, as and for her Complaint against Defendant Town of East Greenbush, New York alleges as follows:

### NATURE OF ACTION

1. Plaintiff Jessica E. Pastore ("Plaintiff") brings this action against Defendant Town of East Greenbush, New York ("Defendant" or "the Town") for discrimination on the basis of sex (gender and sexual orientation); sexual harassment and hostile work environment; and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and the New York State Human Rights Law ("NYHRL"), New York Executive Law § 290, et. seq.

### JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. §§ 1331 and 1367.

### PARTIES

3. Plaintiff is an individual who maintains a residence in the County of Rensselaer, New York. Plaintiff is female and gay. At all relevant times, Defendant knew of Plaintiff's sexual orientation.

4. Defendant Town of East Greenbush, New York is a municipal corporation organized and existing under the laws of the State of New York, and located in the County of Rensselaer, with offices at 225 Columbia Turnpike, Rensselaer, New York 12144.

5. Upon information and belief, Defendant employs greater than fifteen (15) employees and is an employer within the meaning of Title VII and the NYHRL.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Rensselaer County, New York which is located within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND NOTICE OF CLAIM

7. Plaintiff filed a timely charge of discrimination on the basis of sex, sexual orientation, sexual harassment, hostile work environment and retaliation with the United States Equal Employment Opportunity Commission on or about July 5, 2016.  Plaintiff received a Notice of Right to Sue dated January 9, 2017.

8. Plaintiff also served a Notice of Claim on the Town pursuant to New York Town Law § 67 and New York General Municipal Law § 50-e on June 30, 2016.  The Town thereafter took Plaintiff's examination pursuant to New York General Municipal Law § 50-h.

## BACKGROUND

9. Plaintiff was hired by the Town on or about July 13, 2015 into the Police Department's Field Training Program.  Her employment was terminated on June 8, 2016.

10. At all times relevant, Plaintiff was qualified and able to perform the functions of her position and met the physical and academic requirements of the Training Program.

11. At all times relevant, Plaintiff was one of only two female officers in the police department. Plaintiff was the only woman in the training program.

12. During most relevant times, Plaintiff was assigned to superior officer identified herein by his initials "MG". The Town is on notice of the identity of MG given Plaintiff's EEOC complaint and Notice of Claim. MG had authority to evaluate Plaintiff and to make decisions and recommendations about her employment.

13. From the outset, MG called Plaintiff's ability to do her job into question because she is "small" and a woman.

14. Throughout her employment, Plaintiff was subjected to derogatory comments about being a woman such as being told she is "small," she needs to "make up for it", she has no "command presence", and that "maybe you shouldn't be here".

15. MG would also make sexually charged comments to Plaintiff including asking her whether he was her "type" and making comments about her sexual orientation, as set forth further below.

16. It was also suggested that Plaintiff leave the training program and that, because she is a woman, she was more likely to get hurt or get someone else hurt. Despite passing the same training as other new officers, and meeting the physical requirements with respect thereto, Plaintiff's ability to chase, tackle and/or handcuff a suspect was called into question and Plaintiff was told to consider whether, in light of that, "this is the place for you."

17. MG also photographed Plaintiff when she was fingerprinting a large man and ridiculed her for looking "ridiculous" next to a man who was larger than her. A photo of a baby dressed as a police officer was also left on her computer.

18. The Town also treated Plaintiff less favorably than male officers including, but not limited to, by casting her performance in an unfairly negative light that is not supported by the objective facts; requiring her to pay for an item removed from her locker when other officers are not required to pay for lost or stolen items; requiring her to exclusively use a certain handcuffing technique whereas other officers were allowed to use their discretion as to what technique to use; and prohibiting her from carrying her mobile phone whereas male officers were permitted to do so.

19. MG also singled Plaintiff out for ridicule and disciplined her in front of other officers in order to harass and embarrass her. When the new male officer made a mistake or required any counseling from MG, he was spoken to privately and in a professional manner. Indeed, upon information and belief, this new officer made several mistakes and, unlike Plaintiff, was neither disciplined, ridiculed or terminated.

20. The aforementioned actions created a hostile work environment for Plaintiff.

21. Despite their knowledge of the harassment, which was public and commonly known, no superior officers intervened to stop MG's harassment.

22. Plaintiff complained that she was being harassed because of her gender and discriminated against on at least two occasions to Officer Jim Condo (who assists the Chief) and, on or about April 21, 2016, to Chief Christopher Lavin, at which meeting Plaintiff reported all of the negative treatment and harassment she was receiving.

23. Plaintiff also asked Jim Condo and/or the Chief to take MG off of her training on more than one occasion. At some point prior to Plaintiff's termination, upon information and belief, MG quit the training program.

24. After complaining, Plaintiff was told the Town could not "cater to" her and that she was just looking for "sympathy".

25. Upon information and belief, Kim Edberg, Deputy Town Clerk, also made a complaint on Plaintiff's behalf.

26. Plaintiff's complaints were not taken seriously and, upon information and belief, no investigation and no substantive action was undertaken with respect to Plaintiff's complaints.

27. Instead, in close proximity to her complaints, Plaintiff was terminated by Chief Lavin on or about June 8, 2016.

28. Upon information and belief, the Town has a history of sexism towards female officers. The department was referred to as a "Good Ole Boys Club" and, upon information and belief, other female officers have, in the past, complained of sexual harassment and/or have been passed over for promotion.

29. Additionally, Plaintiff is gay and she was subjected to derogatory comments regarding her sexual orientation by MG, including in front of officers in the break room in an attempt to embarrass and degrade her. Upon information and belief, MG made an overtly sexual comment about Plaintiff's sexual orientation to at least one Town official.

30. In light of the Town's actions, Plaintiff alleges that the Town has engaged in illegal harassment, discrimination and retaliation in violation of the Title VII and the NYHRL.

**AS AND FOR A FIRST CAUSE OF ACTION
(Sex Discrimination [Gender and Sexual Orientation] in Violation of Title VII)**

31. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

32. Plaintiff was subjected to derogatory comments for being a woman in a male-dominated workplace; received negative performance reviews that were not supported by the objective evidence; and was treated differently and less favorably than male counterparts.

33. Plaintiff also received negative comments about her sexual orientation.

34. MG was Plaintiff's superior, was responsible for issuing performance reviews and had the authority to make and influence personnel decisions with respect to Plaintiff.

35. MG harassed Plaintiff, issued negative performance reviews and influenced Plaintiff's termination because she is a woman and because of her sexual orientation.

36. Chief Lavin, who had the authority to make personnel decisions with respect to Plaintiff and who is the individual who terminated Plaintiff, had knowledge of harassment and discrimination against Plaintiff because she is a woman; failed to undertake a meaningful investigation of Plaintiff's complaints; accused Plaintiff of requesting that she be "catered to" because she is a woman after bringing discrimination and harassment to his attention; and decided to terminate Plaintiff, in whole or in part, on the basis of sex.

37. Defendant's actions as set forth herein constitute unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964.

38. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions and accruals, health benefits, lost opportunities for advancement, lost lateral rights, compensatory damages for emotional distress and humiliation and reasonable costs and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Sexual Harassment and Hostile Work Environment in Violation of Title VII)

39. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

40. Throughout of the course of her employment, Plaintiff was subjected to derogatory comments about being a woman and because of her sexual orientation.

41. Plaintiff was also held to a different standard than male counterparts.

42. The actions of Defendant's agents and employees, as set forth above, were severe and pervasive and altered the terms and conditions of Plaintiff's employment.

43. Defendant's actions, and the actions of its agents and employees, as set forth above created a workplace that was permeated with hostility, ridicule and insult against Plaintiff.

44. By virtue of its failure to promptly and adequately investigate complaints of discrimination and harassment by Plaintiff, Defendant is liable for the harassment perpetrated against Plaintiff by its agents and employees.

45. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions and accruals, health benefits, lost opportunities for advancement, lost lateral rights, compensatory damages for emotional distress and humiliation and reasonable costs and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

46. Plaintiff repeats and realleges each of the preceding paragraphs as if more fully set forth herein.

47. Plaintiff engaged in protected activity when she complained of harassment and discrimination on the basis of sex.

48. Chief Lavin expressed animus towards Plaintiff's complaints when he accused Plaintiff of asking for "sympathy" and to be "catered to".

49. In close temporal proximity to her protected activity – and to Chief Lavin's dismissal of her complaints – Plaintiff's employment was terminated.

50. When Defendant terminated Plaintiff for engaging in protected activity, Defendant engaged in illegal retaliation in violation of Title VII.

51. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions and accruals, health benefits, lost opportunities for advancement, lost lateral rights, compensatory damages for emotional distress and humiliation and reasonable costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Sex Discrimination in Violation of the NYHRL)

52. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

53. Defendant's actions as set forth above constitute discrimination on the basis of sex in violation of the New York State Human Rights Law ("NYHRL").

54. Defendant's actions as set forth above resulted in Plaintiff's termination on or about June 8, 2016.

55. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions and accruals, health benefits, lost opportunities for

advancement, lost lateral rights, and compensatory damages for emotional distress and humiliation.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Sexual Orientation Discrimination in Violation of the NYHRL)

56. Plaintiff repeats and realleges each of the foregoing paragraphs as if more fully set forth herein.

57. Defendant's actions as set forth above constitute discrimination on the basis of sexual orientation in violation of the New York State Human Rights Law ("NYHRL").

58. Defendant's actions as set forth above resulted in Plaintiff's termination on or about June 8, 2016.

59. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions and accruals, health benefits, lost opportunities for advancement, lost lateral rights, and compensatory damages for emotional distress and humiliation.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Sexual Harassment and Hostile Work Environment in Violation of the NYHRL)

60. Plaintiff repeats and realleges each of the foregoing paragraphs as if more fully set forth herein.

61. The actions of Defendant and its agents and employees created a work environment that was permeated with insult, ridicule and hostility to Plaintiff.

62. The actions of Defendant were severe and pervasive and altered the terms and conditions of Plaintiff's employment.

63. Defendant failed to adequately act on complaints of harassment and discrimination by Plaintiff.

64. The hostile work environment created by Defendant constitutes a violation of the NYHRL.

65. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions and accruals, health benefits, lost opportunities for advancement, lost lateral rights, and compensatory damages for emotional distress and humiliation and reasonable costs and attorneys' fees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Retaliation in Violation of the NYHRL)

66. Plaintiff repeats and realleges each of the foregoing paragraphs as if more fully set forth herein.

67. Plaintiff engaged in protected activity when she made complaints of harassment and discrimination.

68. Chief Lavin failed to act on Plaintiff's complaints and expressed animus towards her complaints when he accused Plaintiff of asking for "sympathy" and to be "catered to."

69. Defendant retaliated against Plaintiff for engaging in protected activity when it terminated Plaintiff's employment in close temporal proximity to her complaints and after expressing animus towards her complaints.

70. By reason of the foregoing, Plaintiff has suffered damages in an amount to be determined at trial, including but not limited to back and front pay, lost sick and vacation time, lost benefits including retirement contributions and accruals, health benefits, lost opportunities for

advancement, lost lateral rights, and compensatory damages for emotional distress and humiliation.

## JURY DEMAND

71. Plaintiff hereby demands a trial by jury.

   **WHEREFORE**, Plaintiff demands Judgment against Defendant as follows;

(A) Declaring that Defendant's actions are in violation of the Title VII and the NYHRL and enjoining Defendant from future violations thereof; and

(B) On the first cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(C) On the second cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(D) On the third cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(E) On the fourth cause of action, monetary damages in an amount to be determined at trial; and

(F) On the fifth cause of action, monetary damages in an amount to be determined at trial; and

(G) On the sixth cause of action, monetary damages in an amount to be determined at trial, together with reasonable costs and attorneys' fees; and

(H) On the seventh cause of action, monetary damages in an amount to be determined at trial; together with

(I) Such other legal and equitable relief as the Court deems appropriate under the circumstances and which is available by law or statute.

Dated: February 28, 2017
Saratoga Springs, New York

                                D'ORAZIO PETERSON LLP

By: /s/ *Giovanna A. D'Orazio*
     Giovanna A. D'Orazio
     Bar Roll #515574
     Scott M. Peterson, Esq.
     Bar Roll #513186
     125 High Rock Avenue
     Saratoga Springs, NY 12866
     (tel) 518-308-8339
     (fax) 518-633-5106
     (email) gad@doraziopeterson.com
             smp@doraziopeterson.com